IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:11CV950-MHT |
| | ) | |
| SHERIFF D.T. MARSHALL | ) | |
| and OFFICER DANTE' JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court is Defendant D.T. Marshall's motion to dismiss or, in

the alternative, motion for more definite statement (Doc. 8), filed on November 28, 2011.

Defendant Marshall argues that the *pro se* plaintiff's complaint should be dismissed pursuant

to Rule 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and *Bell Atlanta Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007).  Alternatively, Defendant Marshall argues that Couch

should be required to provide a more definite statement pursuant to Rule 12(e) of the Federal

Rules of Civil Procedure.

Rule 8(a)(2), Fed. R. Civ. P., requires "a short and plain statement of the grounds for

the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new

jurisdictional support;" "a short and plain statement of the claim showing that the pleader is

entitled to relief;" and "a demand for the relief sought, which may include relief in the

alternative or different types of relief."  Under *Twombly*, factual allegations in a complaint

need not be detailed but "must be enough to raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and emphasis omitted).  More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court reiterated that, although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Twombly and Rule 8(a) apply to *pro se* complaints.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  However, a plaintiff's *pro se* status must be considered alongside the requirements of Rule 8(a), *Twombly*, and *Iqbal*.  *Erickson*, 551 U.S. at 94.  "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal citations and quotation marks omitted). *Cf.* Fed. Rule Civ. Proc. 8(e) ("All pleadings must be construed so as to do justice").

Defendant Marshall asserts that the initial complaint (Doc. 1) is due to be dismissed or more definitely stated as to the claims against him because, he argues, "the complaint does not set forth any basis nor plead any facts supporting ... federal jurisdiction in this case. There are also no allegations of fact ... against D.T. Marshall, and no indication of what Defendant Marshall is alleged to have done or failed to have done that caused the Plaintiff harm."  (Doc. 9 p. 1).

However, on January 24, 2012, Couch filed an amended complaint. (Doc. 21). Couch's amended *pro se* complaint is short. It is plain. It is not a "formulaic recitation of an action's elements." *Twombly,* 550 U.S. at 555. It consists of the short, plain, allegation that Officer Dante' Johnson, while escorting Couch from court to the Montgomery County Jail in the course of his duties as an employee of Defendant Marshall, sexually assaulted Couch in the jail. (Doc. 21) The amended complaint further alleges claims against Defendant Marshall for negligent supervision and claims for violations of the Fourth, Seventh, and Eighth Amendments of the United States Constitution. (Doc. 21 & 21-1). In addition, Couch accuses Defendant Marshall of covering up the sexual assault by refusing to permit her to file a criminal charge against Johnson. (Doc. 21-1).

The facts as alleged are sufficient to "'give [Defendant Marshall] fair notice of what the ... claim is and the grounds upon which it rests.'"[1] *Twombly*, 550 U.S. at 555. The amended complaint is "enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true." *Id*. The amended complaint satisfies the requirement of facial plausibility because it contains sufficient "factual content

---

[1]Further, as Defendant Marshall observes, Couch "has previously filed a lawsuit against the Defendants based on the same allegations set forth in this case. Plaintiff's claims were eventually dismissed. *See Couch v. Marshall*, Civil Action No. 2:10-cv-661, in the United States District Court for the Middle District of Alabama." (Doc. 9 pp. 1-2). In fact, Couch has sued Marshall *twice* in this court based on the same allegations as set forth in the complaint in this case. *See Couch v. Marshall*, Civil Action No. 2:09-cv-640 (M.D. Ala. dismissed July 2010). Although both previous cases were dismissed without prejudice for failure to prosecute, the court has no doubt that Defendant Marshall is fully aware of the nature of the claims against him in this case.

[to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.   Furthermore, the amended complaint sufficiently states grounds federal jurisdiction.  *See* Fed. R. Civ. P. 8(a)(2).   Therefore, Defendant Marshall's motion to dismiss, or, in the alternative, motion for more definite statement (Doc. 8), is due to be dismissed as moot.

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant Marshall's motion to dismiss, or, in the alternative, motion for more definite statement (Doc. 8), should be **DENIED** as **MOOT**.  It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before February 16, 2012.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the Dis trict Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichar*d, 661 F.2d 1206, 1207, 1209-11 (11th Cir. 1981, *en banc*) (adopting as binding

precedent all of the decisions of the former Fifth Circuit handed down prior to the close of

business on September 30, 1981).

Done this 2nd day of February, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE