IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY COUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:11CV950-MHT |
| ) | (WO) |
| SHERIFF D.T. MARSHALL ) | |
| and OFFICER DANTE' JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE AND ORDER**

Now pending before the court are the following motions: the motions to dismiss (Docs. 27 and 35) filed by Defendant D.T. Marshall; the motion to dismiss (Doc. 29) filed by Defendant Dante' Johnson; and the motion to amend the complaint filed by Plaintiff Kimberly Couch (Doc. 32). Upon consideration of the motions, and for good cause, the court concludes that the motions to dismiss (Docs. 27, 29, and 35) should be granted; that Couch's federal claims against Marshall and Johnson should be dismissed with prejudice for failure to state a claim upon which relief can be granted; that Couch's state law claims against Marshall and Johnson should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c); that the motion to amend (Doc. 32) filed by Plaintiff Kimberly Couch (Doc. 32) should be denied; and that this case should be dismissed.

**Standard of Review**

Although it must accept well-pled facts as true, the court is not required to accept a

plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; see also *Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 556 U.S, at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that, although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 550 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by Iqbal*, 550 U.S. 662. A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* Fed. Rule Civ. Proc. 8(e) ("All pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants

3

"does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*, 132 F. 3d at 1369 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)).

## Facts[1] and Procedural Background

In 2009, Dante' Johnson was an officer at the Montgomery County Jail and employee of Montgomery Sheriff D.T. Marshall. On May 27, 2009, while escorting then-inmate Kimberly Couch on her return to the jail from a court appearance, Johnson sexually assaulted her. (Doc. 21 p. 1). Couch attempted to file a criminal complaint against Johnson, but Marshall prevented her from doing so. (*Id*. p. 2). Couch was subsequently treated by mental health professionals for psychological trauma caused by the incident. (*Id*. p. 1).

On July 9, 2009, while still an inmate in the jail, Couch filed suit against Officer Johnson and Sheriff Marshall alleging claims arising out of the May 2009 sexual assault. *Couch v. Marshall*, 2:09-cv-640-ID-TFM, Doc. 1. The action was subsequently dismissed without prejudice for failure to prosecute. *Id*. at Doc. 25. Couch filed a motion to reopen the case, which was denied. *Id*. at Doc. 28.

On August 2, 2010, Couch again sued Johnson and Marshall for claims arising out of the sexual assault. *Couch v. Marshall*, 2:10-cv-661-MEF-CSC, Doc. 1. On March 23, 2011,

---

[1] At this stage of the proceedings, for purposes of ruling on the motion to dismiss, the facts alleged in the complaint and reasonable inferences to be drawn therefrom are set forth in the light most favorable to the plaintiff. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

4

that action was dismissed without prejudice for failure to prosecute. *Id*. at Docs. 43, 45. Couch filed a motion to reconsider the dismissal, which was denied. *Id*. at Doc. 47.

On November 4, 2011, Couch filed this action against Johnson and Marshall asserting claims arising from the May 2009 sexual assault. (Doc. 1).

On January 24, 2012, Couch filed a motion to amend her complaint (Doc. 21), which was subsequently granted (Doc. 23). On February 14, 2012, Marshall filed a motion to dismiss the amended complaint. (Doc. 27). On February 24, 2012, Johnson filed a motion to dismiss to the amended complaint.

On February 28, 2012, Couch filed a motion to amend her complaint a second time. (Doc. 32). Couch seeks to add additional facts regarding the extent of her mental anguish damages, and to add an Officer Longhorn as an additional defendant to her previously-asserted claims.

On April 26, 2012, Marshall filed a motion to dismiss Couch's proposed amended complaint (Doc. 35). On April 27, 2012, Johnson filed a notice that he joined in Marshall's motion to dismiss the proposed amended complaint (Doc. 37).

## Discussion

**I.    Motions to Dismiss**

    **A.    Section 1983 Claims**

Couch asserts claims against Marshall and Johnson under 42 U.S.C. § 1983 for

5

violations of her Fourth, Seventh, and Eighth Amendment Constitutional rights.  "'All constitutional claims brought under § 1983 are . . . subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.'" *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (quoting *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir.2008)); *see also Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that § 1983 claims are subject to the forum state's general or residual statute for personal injury actions).  In Alabama, where Couch brought this action, that limitations period is two years. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir.1989) ("[T]he two-year limitations period ... applies to section 1983 actions in Alabama.").

Couch's § 1983 claims arise out of the May 27, 2009 sexual assault. This action was filed on November 4, 2011 – two and one-half years after the alleged sexual assault. Because Couch failed to file suit within the two-year limitations period, her § 1983 claims are barred.  *See Powell*, 643 F.3d at 1303 (recognizing the two-year statute of limitations for § 1983 actions brought in Alabama).  Accordingly, Couch's § 1983 claims against Marshall and Johnson are due to be dismissed.

**B.     Section 14141 Claims**

Couch asserts claims against Marshall and Johnson for alleged violation of 42 U.S.C. § 14141.  Section 14141 provides:

6

(a) Unlawful conduct

It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) Civil action by Attorney General

Whenever the Attorney General has reasonable cause to believe that a violation of [subsection (a) ] has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

By its terms, § 14141 provides for a cause of action to be brought by the United States Attorney General in the name of the United States. 42 U.S.C. § 14141(b). Couch cannot bring a suit under §14141 as a private individual. *See Rangel v. Reynolds*, 607 F. Supp. 2d 911, 925 n.6 (N.D. Ind. 2009) (holding that only the United States Department of Justice may bring an action under § 14141); *Greer v. Hillsborough County Sheriff's Dept.*, 2005 WL 2416031 at * 2 (M.D. Fla. September 30, 2005) ("[N]o private right of action exists under 42 U.S.C. § 14141"). Accordingly, Couch's § 14141 claims are due to be dismissed for failure to state a claim upon which relief can be granted.

### C.     State Law Claims Against Marshall and Johnson

Couch asserts state law tort claims against Marshall for negligence, negligent infliction of emotional distress, and negligent supervision. She asserts state law claims against Johnson for negligence, assault, battery, and negligent and intentional infliction of

7

emotional distress. Under 28 U.S.C. § 1367(c), the court may decline to exercise supplemental jurisdiction over state law claims between non-diverse defendants if the court has dismissed all claims over which it has original jurisdiction. Because the § 1983 and § 14141 federal claims over which this court has original jurisdiction are subject to dismissal, Couch's state law claims are subject to dismissal without prejudice pursuant to § 1367(c). *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants;[2] if these are not present a federal court should hesitate to exercise jurisdiction over state claims. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

## II. Motion to Amend

Couch's pending motion to amend her complaint (Doc. 32) seeks to add additional facts regarding the extent of her damages, and to add Officer Longhorn as an additional

---

[2]The court notes that Johnson has asserted that Couch's negligence claims are barred by a two-year statute of limitations. (Doc. 29). If a two-year statute of limitations bars any of Couch's claims, the statute would have run before Couch filed this action. Accordingly, the running of a two-year limitations statute would not cause Couch to be prejudiced by the dismissal of this action under § 1367(c).

defendant to her previously-asserted claims. Couch alleges that, on May 27, 2009, Officer Longhorn was working at a post where he could see the sexual assault, but took no action to stop Johnson from assaulting Couch. (Doc. 32 p. 2).

Under Fed. R. Civ. P. 15(a)(2), a "court should freely give live to amend when justice so requires." "A district court need not, however, allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 1001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Couch's § 1983 claims against Officer Longhorn are futile because they are barred by the two-year statute of limitations. *See Powell*, 643 F.3d at 1303 (recognizing that § 1983 actions brought in Alabama are subject to a two-year statute of limitations). Couch's § 14141 claim against Officer Longhorn is also futile because § 14141 does not create a private right of action. *See* 42 U.S.C. 14141(b) (authorizing the Attorney General to bring actions on behalf of the United States for violations of § 14141); *Rangel*, 607 F. Supp. 2d at 925 n.6 ("There is no private right of action under . . . § 14141.").

Couch's state law claims against Officer Longhorn are futile because they would be subject to dismissal under 28 U.S.C. § 1367(c). *See* 28 U.S.C. § 1367(c) (providing that a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction); *Raney*, 370 F.3d at 1089 (encouraging district courts "to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").

9

Finally, Couch's proposed amendment expounding on her damages would be futile because all of the claims for which she seeks to recover damages are subject to dismissal.

Because Couch's proposed amendment would be futile, the motion to amend (Doc. 32) is due to be denied. *Foman*, 371 U.S. at 182 (holding that "the grant or denial of an opportunity to amend is within the discretion of the District Court," and that leave to amend need not be given when the amendment would be futile).

## Conclusion

For the reasons stated above, it is **ORDERED** that Couch's motion to amend (Doc. 32) be and is hereby **DENIED**.

Further, it is the **RECOMMENDATION** of the Magistrate Judge

(a) that the motions to dismiss (Docs. 27 and 35) filed by Marshall be **GRANTED;**

(b) that the motion to dismiss (Doc. 29) filed by Johnson be **GRANTED**;

(c) that Couch's § 1983 and § 14141 claims against Marshall and Johnson be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted;

(d) that Couch's state law claims against Marshall and Johnson be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c); and

(e) there being no other pending claims in this action, that this case be **DISMISSED**.

Further, it is

**ORDERED** that the parties are **DIRECTED** to file any objections to the Recommendation on or before May 28, 2012. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 14th day of May, 2012.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE